JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Sidney L. Souffrance appeals his conviction for robbery, in violation of R.C. 2911.02(A)(2). Souffrance was indicted on one count of aggravated robbery and one count of robbery. Souffrance waived his right to a jury trial and pleaded guilty to the robbery charge, and the state dismissed the aggravated-robbery charge. Souffrance agreed with the prosecution on a potential sentence of two years' incarceration. The trial court accepted the recommendation of the defendant and the prosecution and imposed a two-year term of incarceration. Souffrance now appeals.
After reviewing the record and the applicable law, Souffrance's appointed appellate counsel, pursuant to Anders v.California,[1] states in his brief that he has found no errors in the proceedings below and has filed a motion to withdraw as counsel. Counsel, as required by Anders, has given Souffrance an opportunity to provide grounds for this appeal. Souffrance contends that defense counsel was ineffective because counsel had failed to subpoena necessary witnesses or police records, to obtain certain juvenile-court transcripts and hospital records, or to properly consult with him.
From the transcript of the plea and sentencing hearings, it is clear that Souffrance understood the import and consequences of his guilty plea, as required by Crim.R. 11(B) and 11(C)(2), including the right to subpoena witnesses in his favor. Thus, after reviewing the entire record, we conclude that the proceedings below were free from prejudicial error, and that there are no grounds to support a meritorious appeal. Therefore, we affirm the judgment of the trial court and overrule appellate counsel's motion to withdraw.
Although we have concluded that this appeal is frivolous pursuant to App.R. 23 and is without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Souffrance because it appears from the record that he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.